CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

APR 16 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRY W. BARB, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:18cv00059 |
| v. | ) |
| | ) By:  Hon. Michael F. Urbanski |
| SHAWNA M. CRITES, et al., | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Terry W. Barb, filed the instant complaint against Hardy County Magistrate Shawna M. Crites and Hardy County Prosecuting Attorney Lucas J. See, seeking leave to proceed in forma pauperis. For the reasons set forth below, Barb's application to proceed in forma pauperis will be **GRANTED** and his complaint will be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Barb's complaint arises out of a 2017 criminal action adjudicated in the Magistrate Court of Hardy County, West Virginia. In August 2017, criminal complaints were filed against Barb for allegations of domestic battery, domestic assault, and obstruction. As part of a plea agreement, Barb pled no contest to assault and obstruction charges. Judgment entered on December 7, 2017. See Criminal J. Order for Violation of 61-02-09(b), ECF No. 2–4, at 1; Criminal J. Order for Violation of 61-05-17(a), ECF No. 2–5, at 14. Barb received time served, a suspended sentence, and unsupervised probation with conditions, including requiring him "to attend anger management counseling until the counsel is satisfied that he

1

addressed the issues." Sentencing Order; Unsupervised Probation, ECF No. 2–5, at 10. After completing an online anger management course in January 2018, Barb alleges that the prosecution and court found the course to be inadequate. A letter to the magistrate court explains the prosecution's position that Barb should participate in anger management counseling at the Center for Marriage and Family Counseling. See Letter from Keshia Anne C. Tenorio to Magistrate Shawna Crites, ECF No. 2–5, at 17. Barb and his counsel were scheduled to appear in court regarding these classes on April 9, 2018. See Letter from Derrick W. Whetzel to Terry Barb, Mar. 28, 2018, ECF No. 2–5, at 19.

Barb filed this action against Magistrate Shawna M. Crites of the Magistrate Court of Hardy County, West Virginia and Lucas J. See, Prosecuting Attorney for Hardy County in response to his criminal action. Barb's allegations include: information, such as his birth date and driver's license status, were stated incorrectly during his criminal proceedings; he was charged falsely of sexually assaulting minors; the magistrate and prosecuting attorney threatened to arrest him if he did not attend another anger management course; and Child Protective Services for Virginia and West Virginia accused him of inadequate supervision of his daughters. In his civil cover sheet, Barb describes the nature of his suit as falling under the False Claims Act. See Civil Cover Sheet, ECF No. 2–1. By way of remedy, Barb seeks to have his record cleared of these charges and all of his fines and court costs dismissed.

## II.

Barb moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). See ECF No. 1. The court will grant Barb's motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that this action must be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Barb asserts no basis for federal jurisdiction over this matter. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (internal citations omitted)); see also Fed. R. Civ. P. 8(a) (a pleading must contain a short a plain statement of the grounds for the court's jurisdiction). The face of the complaint alleges no constitutional violation or violation of federal statute that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. Barb's selection of the False Claims Act on his civil cover sheet is unsupported by his complaint; broadly speaking, the False Claims Act imposes liability on persons who knowingly submit or cause to submit false claims to the government. See 31 U.S.C. §§ 3729–3733. That has not been alleged here. Barb also claims diversity jurisdiction on his civil cover sheet, but he does not allege damages exceeding $75,000 as required by 28 U.S.C. § 1332. See Civil Cover Sheet, ECF No. 2-1; Compl., ECF No. 2, at 7 (requesting dismissal of court costs and fines); Criminal J. Order for Violation of 61-02-09(b), ECF No. 2–4, at 1 (assessing costs and fees in the amount of $220.25); Criminal J. Order for Violation of 61-05-17(a), ECF No. 2–5, at 14 (assessing a fine of $350.00 and costs and fees of $185.25).

In any event, Barb has not alleged a claim upon which relief can be granted. The

Magistrate Court of Hardy Count entered criminal judgments against Barb as part of a plea deal. See Criminal J. Order for Violation of 61-02-09(b), ECF No. 2-4, at 1; Criminal J. Order for Violation of 61-05-17(a), ECF No. 2-5, at 14. The Rooker-Feldman doctrine generally prohibits lower federal courts from reviewing state court decisions. The Fourth Circuit explained the court's limited jurisdiction under this doctrine in Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002):

> Under the Rooker–Feldman doctrine, lower federal courts may not consider either "issues actually presented to and decided by a state court" or "constitutional claims that are inextricably intertwined with questions ruled upon by a state court." [Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997)] (internal quotation marks omitted). Federal courts are divested of jurisdiction "where entertaining the federal claim should be the equivalent of an appellate review of the state court order." Jordahl [v. Democratic Party of Va.], 122 F.3d [192,] at 202 [4th Cir. 1997] (alterations and internal quotation marks omitted). Rooker–Feldman applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." Plyler, 129 F.3d at 733. Thus, "when a party sues in federal district court to readjudicate the same issues decided in the state court proceedings, that action is in essence an attempt to obtain direct review of the state court decision . . . in contravention of Rooker–Feldman." Brown & Root[, Inc. v. Breckenridge], 211 F.3d [194,] at 201 [(4th Cir. 2000)]. The label attached to the federal court action will rarely, if ever, be important, since a party that is seeking in federal court to readjudicate an issue decided in state court is unlikely to say so.

Id. Federal courts may not entertain a complaint where "the losing party in state court [files] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005).

Although Barb does not explicitly seek to overturn his state court judgments, he

4

requests relief that effectively nullifies these judgments by expunging his record and striking fines, costs, and fees. This amounts to nothing more than a challenge to the validity of the state court judgment. Barb's claims against Magistrate Crites and Prosecutor See arise out of his disagreement with the state court proceedings. Under the Rooker-Feldman doctrine, this court lacks the jurisdiction to review Barb's claims.

Moreover, Barb has failed to assert a viable claim for damages against either Magistrate Crites or Prosecutor See because they are entitled to absolute judicial and prosecutorial immunity, respectively. Judges have immunity from suit for "acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (holding that individual judges are immune from liability for damages for actions taken in their judicial capacity). Magistrate Crites entered judgment against Barb, and allegedly expressed dissatisfaction with Barb's selected anger management course–a required term of his unsupervised probation. These acts occurred during the pendency of Barb's criminal action and probation, which clearly are within Magistrate Crites' judicial jurisdiction. Likewise, Prosecutor See is entitled to immunity from liability for damages for his office's prosecution of Barb's criminal action and involvement in his probation. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity[.]"). Barb's complaint, on its face, states claims that are frivolous against parties who are immune from such suits. Cf. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Therefore, Magistrate Crites and Prosecutor See are entitled to immunity and the claims for monetary damages against them should be dismissed.

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth above, Barb's complaint fails to state a legal claim upon which relief may be granted. Thus, his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III.

Accordingly, Barb's application to proceed in forma pauperis will be **GRANTED** and this matter will be **DISMISSED** without prejudice and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered. The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and the pro se plaintiff.

Entered: 04-16-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge